IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY F. ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 10-362-SLR ) |
| COMMISSIONER CARL DANBERG, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of June, 2010, having considered plaintiff's motion for injunctive relief (D.I. 9);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background.** Plaintiff Gregory F. Robinson ("plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. On June 2, 2010, plaintiff filed a letter and affidavit, construed as a motion for injunctive relief, to stop retaliatory conduct as a result of "exercising his rights" to file grievances. (D.I. 9) More particularly, plaintiff states that the officers told staff members, the medical department, and all inmates that he is a snitch and baby raper. This court has recognized the serious implications of being labeled a "snitch" in prison. *Blizzard v. Hastings*, 886 F. Supp. 405, 410 (D. Del. 1995)(being labeled a snitch "can put a prisoner at risk of being injured"); *see also Brown v. Narvais*, 265 F. App'x 734, 735 (10th Cir. 2008) (not reported) (a prison officer's deliberate disclosure of dangerous information about an inmate's status (i.e., child molester) is sufficient to state a claim under the Eighth Amendment provided the

alleged danger is facially concrete and plausible enough to satisfy basic pleading standards).

2. Plaintiff submitted six grievances on the issue asking for placement in protective custody, transfer to a different institution, and cessation of the harassment, to no avail as they are all returned as "non-grievable." He states that now inmates want to "stab-him-up and do him bodily harm." He asks the court to order his placement in protective custody until he is transferred to another institution. Additionally, plaintiff has Hepatitis B and states that medical refuses to treat the disease. Warden Perry Phelps ("Phelps") responded to the letter/motion on June 18, 2010. (D.I. 13)

3. **Standard**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable

caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

4. **Discussion**. Plaintiff seeks placement in protective custody and transfer to a different correctional institution due to harassment and threats by inmates. Phelps indicates that plaintiff is currently in maximum high security on protective custody and is separated from most inmates. A prison investigation did not substantiate plaintiff's claims of harassment and threats, and his medical records do not indicate that he has Hepatitis B.

5. Upon review of the allegations made by plaintiff, the court concludes that he has not demonstrated the likelihood of success on the merits. Moreover, he is currently in protective custody, effectively mooting his request for placement there. With regard to transfer to a different institution, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona,* 461 U.S. 238, 251 (1983). Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

6. **Conclusion**.  For the above reasons, the court will deny plaintiff's motion for injunctive relief.  (D.I. 9)

_____
UNITED STATES DISTRICT JUDGE