IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY F. ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 10-362-SLR ) |
| SGT. WILFRED BECKLES, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of June, 2011, having considered plaintiff's motion for reconsideration construed as a motion for injunctive relief (D.I. 64);

IT IS ORDERED that the motion is **denied**, for the reasons that follow:

1. **Background.** Plaintiff Gregory F. Robinson ("plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983. On May 17, 2011, plaintiff filed a motion for reconsideration, construed as a motion for injunctive relief, to stop retaliatory conduct and the taking of his legal materials. (D.I. 64)

2. Plaintiff is currently housed in isolation, serving a ninety-day sanction. He alleges that the sanction, imposed by Capt. Rispoli ("Rispoli") (a non-party), is retaliatory. Plaintiff alleges that his cell has been ransacked and his legal materials have been perused and confiscated by correctional officers. He also alleges excessive force on at least two occasions. Plaintiff refers to several incidents occurring from May 9, 2011 through May 15, 2011. He has submitted numerous grievances regarding the

actions of prison officials seeking relief, to no avail. Plaintiff believes that Rispoli is behind everything that is happening to him. He asks for placement in protective custody and transfer to a different institution. Plaintiff has sought the same relief in the prior motions filed in this case.

3. **Standard**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

4. **Discussion**. Plaintiff seeks placement in protective custody and transfer to a different correctional institution due to alleged retaliation by correctional officers instigated by Rispoli. Defendants respond that plaintiff is serving a ninety-day sanction

in isolation because he violated prison rules that prohibit contraband in an inmate's cell. Defendants explain that, during one shakedown, contraband was found hidden in plaintiff's legal materials. Defendants deny the use of excessive force and deny that they confiscated plaintiff's legal materials. They further deny that any action taken was in retaliation. Instead, defendants contend that maintaining a safe and secure institution resulted in the actions taken by them. Finally, they note that there is no evidence that plaintiff sustained injuries as a result of any alleged excessive force.

5. Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted). However, a violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access.[1] The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").

6. Upon review of the allegations made by plaintiff, the court concludes that he has not demonstrated the likelihood of success on the merits. Plaintiff contends that

---

[1]An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Rispoli is the cause of the alleged action taken against him, but Rispoli is not a named defendant. Defendants indicate that plaintiff's legal materials were searched due to contraband concerns and the searches were not of a retaliatory nature. Moreover, there is no evidence of injury as is required for a denial of access to the courts claim. Finally, with regard to transfer to a different institution, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona,* 461 U.S. 238, 251 (1983). Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

7. **Conclusion.** For the above reasons, the court will deny plaintiff's motion for injunctive relief. (D.I. 64) Plaintiff is placed on notice that future repetitive motions seeking injunctive relief will be docketed, but not considered.

_____
UNITED STATES DISTRICT JUDGE