## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

GREGORY F. ROBINSON, )
)
    Plaintiff, )
)
v. ) Civ. No. 10-362-SLR
)
SGT. WILFRED BECKLES, et al., )
)
    Defendants. )

### MEMORANDUM ORDER

At Wilmington this 1ˢᵗ day of September, 2011, having considered plaintiff's

letter/motion for injunctive relief and request for counsel (D.I. 98, 105);

IT IS ORDERED that the motion and request for counsel are **denied**, for the

reasons that follow:

1. **Background**.  Plaintiff Gregory F. Robinson ("plaintiff"), a prisoner

incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed a

complaint pursuant to 42 U.S.C. § 1983.  On August 1, 2011, plaintiff filed a

letter/motion for injunctive relief to enjoin defendants from retaliating against him. (D.I.

98)  Plaintiff has filed numerous motions for injunctive relief, all of them denied, and this

instant letter/motion is either his eighth or ninth letter complaining of retaliation by

defendants.  The letter contains a litany of specific acts taken against plaintiff including

the denial of medication, water, and showers; the taking or destruction of his legal

materials; and the receipt of twenty to twenty-five disciplinary reports within a two month

period.  At the time plaintiff filed his letter/motion, most defendants had been served but

had yet to appear.  Accordingly, the court ordered Warden Perry Phelps ("Phelps") to respond to each alleged retaliatory act as described by plaintiff.  (*See* D.I. 99)

2. **Standard**.  A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*").  The elements also apply to temporary restraining orders.  *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.,* 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).  "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.  Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution.  *Rush v. Correctional Med. Services, Inc.,* 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. **Discussion**.  Plaintiff seeks to enjoin defendants from engaging in retaliatory acts against him.  Perry addressed each of plaintiff's complaints and provided the affidavits of Cpl. Jason Arrington, Stanford Henry, Pernell Rodocker, Mike Little, and Wilfred Beckles.  In addition, Perry provided twenty-three disciplinary reports issued to plaintiff, all as a result of violations of prison rules and regulations.

4. Proof of a retaliation claim requires that plaintiff demonstrate:  (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Anderson v. Davila,* 125 F.3d 148, 160-61 (3d Cir. 1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U . S. 274 (1977)); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir.  2000).

5. Upon review of the allegations made by plaintiff, the court concludes that he has not demonstrated the likelihood of success on the merits.  Indeed, each of his claims has been refuted by sworn statements and the disciplinary reports that also support defendants' position.  Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system.  *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

6. **Request for counsel**.  Plaintiff's renewed request for counsel is denied without prejudice to renew.  (D.I. 105)  This is either the seventh or eighth time plaintiff has requested counsel.  A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir. 1984);

*accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may

be appropriate under certain circumstances, after a finding that a plaintiff's claim has

arguable merit in fact and law).

7.  After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*,

294 F.3d 492, 499 (3d Cir. 2002).

8.  To date, plaintiff has shown that he possesses the ability to adequately

pursue his claims.  Upon consideration of the record, the court is not persuaded that

appointment of counsel is warranted at this time.

9.  **Conclusion**.  For the above reasons, the court will deny plaintiff's motion for

injunctive relief.  (D.I. 98)  Plaintiff is placed on notice that future repetitive motions

seeking injunctive relief will be docketed, but not considered.  Finally, the court will deny

without prejudice plaintiff's request for counsel.  (D.I. 105)

UNITED STATES DISTRICT JUDGE