IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| GREGORY F. ROBINSON | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 10-362-SRF |
| SGT. WILFRED BECKLES, et al. | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

At Wilmington this 12 th day of June, 2019, the court having considered the briefs and arguments presented by the parties regarding plaintiff Gregory F. Robinson's ("Mr. Robinson") three motions *in limine*, and having ruled on these motions in the pretrial conference, IT IS HEREBY ORDERED that: (1) Plaintiff's Motion *in Limine* #1 regarding the policy and Standard Operating Procedure ("SOP") for logbooks is granted-in-part (D.I. 247, Ex. 2); (2) Plaintiff's Motion *in Limine* #2 to request an adverse inference following defendants' failure to provide photographs of plaintiff's allegedly stained shoe is denied without prejudice (D.I. 247, Ex. 3); and (3) Plaintiff's Motion *in Limine* #3 to request the exclusion of Lester Boney's ("Mr. Boney") conclusions in his memorandum of investigation is denied without prejudice (D.I. 247, Ex. 4).[1]

1. **Legal Standard.** A motion *in limine* is filed pre-trial and requests that the Court "prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." *Laufen Int'l, Inc. v. Larry J. Lint Floor & Wall Covering, Co.*, 2012 WL

---

[1] The parties consented to the jurisdiction of a magistrate judge to conduct all proceedings in this matter through final judgment and the case was assigned to the undersigned judicial officer on July 7, 2017. (D.I. 222)

1458209, at *1 (W.D. Pa. Apr. 27, 2012). The purpose of a motion *in limine* is to bar "irrelevant, inadmissible, and prejudicial" issues from being introduced at trial, thus "narrow[ing] the evidentiary issues for trial[.]" *Id.* Evidence should not be excluded pursuant to a motion *in limine*, unless it is clearly inadmissible on all potential grounds. *See Laws v. Stevens Transport, Inc.*, 2013 WL 4858653, at *1 (S.D. Ohio Sept. 11, 2013); *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5393864, at *1 (W.D. La. Dec. 22, 2010); *Knowles Elec., LLC v. Microtronic U.S., Inc.*, 2000 WL 310305, at *1 (N.D. Ill. Mar. 24, 2000). The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, and the court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded. *See Berry v. Mission Grp. Kan., Inc.*, 2010 WL 2160897, at *1 (D. Kan. May 28, 2010); *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 1996 WL 284940, at *3 (N.D. Ill. May 23, 1996). Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context. *See Looney Ricks Kiss Architects*, 2010 WL 5393864, at *1; *Diehl v. Blaw-Knox*, 2002 WL 34371510, at *1 (M.D. Pa. July 15, 2002); *Knowles Elec.*, 2000 WL 310305, at *1; *Leonard v. Stemtech Health Sciences, Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

2. **Motion *in Limine* #1.** Plaintiff requests re-opening discovery to obtain the policy and SOP regarding logbooks. Plaintiff argues that the policy and SOP produced by defendants have effective dates post-dating the alleged incidents in 2008 and 2009,[2] and that the policy and SOP effective in 2008 and 2009 should be produced. Defendants, Wilfred Beckles ("Beckles"),

---

[2] Defendants produced a policy addressing logbooks with an effective date of May 1, 2012 and a SOP addressing logbooks with an effective date of September 20, 2013. (D.I. 247-2, Ex. 2; Ex. 3)

2

Angelina DeAllie ("DeAllie") and Veronica Downing ("Downing") (collectively, "defendants"), have informed plaintiff that they are unable to locate earlier versions of the policy and SOP regarding logbooks that were effective in 2008 and 2009. The court denies plaintiff's request to reopen discovery.

3. Plaintiff further seeks to preclude defendants from arguing that the effective dates of the policies and SOP produced are inapplicable to 2008 and 2009, when the alleged incidents in issue occurred. The SOP of September 20, 2013 regarding logbooks states that "[t]his document is a complete re-write which supersedes and replaces all previous editions." (D.I. 247-2, Ex. 3) Defendants produced the SOP in discovery without any explanation that the SOP was not representative of the procedures in effect at the time of the incidents which are the subject of the litigation. Plaintiff prepared his case in reliance on the production and there is no reasonable basis on the eve of trial for defendants to argue that the SOP is no longer relevant to the claims in issue. Therefore, plaintiff's Motion *in Limine* #1 is granted-in-part.

4. **Motion *in Limine* #2.** Plaintiff requests an adverse inference as a sanction for defendants' alleged spoliation of evidence, namely photographs of plaintiff's shoes allegedly stained by CapStun. Plaintiff alleges that on July 10, 2009, defendant, DeAllie, sprayed plaintiff and his cell with CapStun spray. (D.I. 247 at 3; 247-3 at 1-3) The incident is disputed by defendant, DeAllie, and therefore, plaintiff seeks to introduce into evidence photographs of his stained shoes in support of his claim. Plaintiff argues that when he was interviewed following the alleged incident, Internal Affairs Investigator Lester Boney ("Mr. Boney") took photographs of his shoes that were stained by CapStun. Mr. Boney has since filed a declaration, stating that he never took photographs of Mr. Robinson's shoes. Plaintiff contends that Mr. Boney's declaration is a sham declaration and that his correctional expert, Michael McCreanor ("Mr.

3

McCreanor") opined that Mr. Boney should have taken photographs in the course of his investigation.

5. Spoliation of evidence arises where "the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Wagner v. Sea Esta Motel I*, C.A. No. 13-81-RGA, 2014 WL 4247731, at *1 (D. Del. Aug. 26, 2014). Courts look to three factors when determining whether to impose a sanction for the spoliation of evidence: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Id.* (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)). "An adverse inference is an extreme remedy for the alleged spoliation of evidence." *Accurso v. Infra-Red Services, Inc.*, 169 F. Supp. 3d 612, 618 (E.D. Pa. 2016) (citing *McAdams v. U.S.*, 297 F. App'x 183, 187 (3d Cir. 2008)).

6. Plaintiff has not provided evidence that photographs of his shoes were ever taken or exist, and defendants contend that they are unaware of any such photographs and that they provided all materials from Mr. Boney's file.[3] If such photographs never existed in the first place, it cannot be said that defendants suppressed, withheld, or destroyed this evidence. As defendants noted, plaintiff had the opportunity during discovery to pursue the issue but did not raise the issue with the court, nor move to compel production of the purported photographs.

---

[3] Plaintiff further argues to the court that he had no means or opportunity to preserve the shoes in question while incarcerated.

4

Plaintiff, similarly, does not provide any support for his contention that Mr. Boney's declaration is a sham declaration. Therefore, plaintiff's Motion *in Limine* #2 is denied without prejudice.

7. **Motion *in Limine* #3.** Plaintiff seeks to preclude defendants from identifying or arguing that any of the conclusions set forth in Mr. Boney's Memorandum to Warden Perry Phelps dated August 10, 2009 (the "Boney Memo") are established facts. (D.I. 243-3, Ex. 4) Plaintiff argues that Mr. Boney is not an expert witness and the conclusions in the Boney Memo are based on expert opinions. The parties' arguments stem from their desire to refrain from calling Mr. Boney to testify at trial, and, to instead rely on the introduction into evidence of the Boney Memo itself. In the absence of either side designating Investigator Lester Boney in expert discovery, he will not be permitted to offer opinion testimony at trial. *See* Fed. R. Evid. 702. Therefore, plaintiff's Motion *in Limine* #3 is denied without prejudice.

8. **Conclusion.** For the foregoing reasons, the Court orders the following:

   Plaintiff's Motion *in Limine* #1 is GRANTED-IN-PART.

   Plaintiff's Motion *in Limine* #2 is DENIED WITHOUT PREJUDICE.

   Plaintiff's Motion *in Limine* #3 is DENIED WITHOUT PREJUDICE.

SO ORDERED,

Dated: June 12, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

5